| | |
|---|---|
| ANTHONY M. WATSON, | Case No. CV 19-6737-AB (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| DR. LAURA SPRAGUE, ET AL., | |
| Defendant(s). | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**I.**

**INTRODUCTION**

Plaintiff Anthony M. Watson ("Watson" or "Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

**II.**

**BACKGROUND**

On July 31, 2019, Watson, who is currently an inmate at California Men's Colony – East located in San Luis Obispo, California ("CMC-East"), constructively

filed[1] a Complaint against defendants Dr. Laura Sprague, Teresa Macias, and S. Gates in their individual capacity, and Shared Imaging of Calif. and Doe Pharmaceutical[2] (collectively, "Defendants"). ECF Docket No. ("Dkt.") 1. Watson appears to set forth an Eighth Amendment deliberate indifference to serious medical need claim against all Defendants and a Fourteenth Amendment due process claim against defendants Sprague, Macias and Gates.

Specifically, the Complaint sets forth the following allegations. On approximately December 3, 2018, while at CMC-East, Watson received an MRI scan performed by defendant Shared Imaging of Calif., a "contract vendor for CMC-East medical." Id. at 6. The MRI involved the use of "contrast dye containing the toxin gadolinium." Id. at 4. After receiving the injection of the contrast dye, Watson became sick, nauseated and vomited. Id. at 7.

On December 3, 2018, immediately following the dye injection and MRI, Watson submitted a CDCR Form 22 (10/09), Inmate/Parolee Request for Interview, Item or Service addressed to defendant Sprague, requesting a heavy metal urinary test for the purpose of testing for the presence of gadolinium in his tissue. Id. at 3, 17. Watson offered to pay for the test. Id. Watson claims defendant Sprague "failed to respond to the CDCR 22 form," denied Watson "the opportunity to purchase the

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Watson is unaware of the true name of the unnamed Doe entity defendant, he will be given the opportunity to discover the name of the Doe defendant after he files a complaint curing the deficiencies identified below. Watson is cautioned that if he is unable to timely identify the Doe defendant, the claim against the Doe defendant will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

urinary test," and failed to "duly inform[] [Watson] of any post care treatment" after his exposure to the dye. Id. at 3, 7, 13.

On January 4, 2019, Watson submitted a health care grievance "identified as CMC HC 19000014". Id. at 3. In his grievance, Watson requested certain information, including (1) the name of the contract vendor that performed his MRI scan; (2) an explanation of "post-procedure aftercare, in conjunction with gadolinium contrast dye"; (3) an identification of the "urinary test accessible to the public" that was not provided to Watson; and (4) information as to how Watson might independently purchase the urinary test kit and have it administered by his primary care physician. Id. at 9. On February 19, 2019, an Institutional Level Response from California Correctional Health Care Services was issued and signed by defendant Macias. Id. at 19. The response declined intervention and stated "[a]s indicated in your medical record your symptoms are not consistent with gadolinium toxicity." Id. On May 31, 2019, a Headquarters' Level Response from California Correctional Health Care Services was issued and signed by defendant Gates. Id. at 15-16. The response indicated "the Institutional Level Response appropriately addressed your grievance issue and is sustained at the headquarters' level." Id. at 16. Watson alleges defendants Macias and Gates' responses constituted a denial of due process. Id. at 9.

Finally, Watson alleges defendant Shared Imaging of Calif. failed to "inform/provide instruction concerning post procedure aftercare," and defendant Doe Pharmaceutical failed to warn recipients of the dye of the risk of gadolinium toxicity. Id. at 9. Watson seeks compensatory and punitive damages. Id. at 5.

### III.
### **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

3

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual

4

allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS SPRAGUE, MACIAS AND GATES

#### 1. Applicable Law

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To assert a deliberate indifference claim, a prisoner plaintiff must allege the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Id. at 1082 (citation and internal quotation marks omitted). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996).

**2. Analysis**

Here, Watson fails to state an Eighth Amendment deliberate indifference claim against defendants Sprague, Macias and Gates in their individual capacity.

Watson alleges defendant Sprague failed to respond to the CDCR 22 form, failed to inform him of post-procedure treatment, and denied Watson an opportunity to receive or purchase the urinary test. First, these allegations fail to demonstrate Watson was deprived of an "objectively serious medical need." Wilson, 501 U.S. at 297. It is unclear how the denial of the post-procedure screening test has "result[ed] in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081. Moreover, even assuming a serious medical need, Watson fails to allege defendant Sprague knew of facts that would indicate a substantial risk of harm would

6

occur in declining to respond to Watson's request for a urinary test. Farmer, 511 U.S. at 837. At most, Watson asserts a difference in medical judgment in defendant Sprague's choice not to provide the screening test, which is insufficient to establish deliberate indifference. See Jackson, 90 F.3d at 331.

To the extent Watson alleges an Eighth Amendment deliberate indifference claim against defendants Macias and Gates for their failure to adequately address Watson's healthcare grievance, this claim also fails. First, Watson has not demonstrated how the denial of his requests for information on post-procedure treatment, the urinary screening test, and other information has resulted in significant injury or pain. Second, Watson does not allege defendants Macias and Gates intentionally acted with a culpable state of mind in denying his healthcare appeal. In fact, it appears Watson received responses with adequate explanations, including an explanation that "[a]s indicated in [Watson's] medical record [Watson's] symptoms are not consistent with gadolinium toxicity." Dkt. 1 at 19.

Accordingly, Watson's Eighth Amendment deliberate indifference claim against defendants Sprague, Macias and Gates is subject to dismissal.

**B.  PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST DEFENDANTS SPRAGUE, MACIAS AND GATES**

**1.  Applicable Law**

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). However, a plaintiff has no constitutional entitlement to have his prison grievances or appeals handled or decided in a particular manner. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Specifically, a plaintiff has no actionable claim for failure to investigate a grievance. See Randle v. Melendrez, No. CV 16-2342 MWF (AJW), 2017 WL 1197864, at *4 (C.D. Cal. Feb. 17, 2017) report and recommendation adopted,

7

2017 WL 1199719 (C.D. Cal. Mar. 30, 2017); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### 2. Analysis

Here, Watson fails to state a Fourteenth Amendment due process claim against defendants Sprague, Macias and Gates. Watson asserts defendant Sprague "failed to respond to the CDCR 22 form" pursuant to regulations. Dkt. 1 at 3. Watson also asserts the Institutional Level Response and Headquarters' Level Response, signed by defendants Macias and Gates respectively, were deficient because they did not fulfill Watson's requests, and thus constituted a denial of due process. Id. at 9. However, Watson is not entitled to have his prison grievance or appeal handled or decided in a particular manner. Ramirez, 334 F.3d at 860.

Accordingly, Watson's Fourteenth Amendment due process claim against defendants Sprague, Macias and Gates is subject to dismissal.

## C. PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST SHARED IMAGING OF CALIF. AND DOE PHARMACEUTICAL

### 1. Applicable Law

To state a civil rights claim under Section 1983, a plaintiff must allege that a particular defendant, *acting under color of state law*, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; see West, 487 U.S. at 48. Thus, private parties generally cannot be held liable under Section 1983. See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

For a private party to be sued under Section 1983, the party must be a "willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28, 32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); United States v. Price,

383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (quoting Rendell–Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)).

However, even when a private entity acts "under color of state law," it cannot be held liable under Section 1983 unless an "official policy, custom, or pattern" of the entity was "the actionable cause of the claimed injury." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (applying Monell v. Dep't of Soc. Servs. to suits against private entities under Section 1983).

**2. Analysis**

Here, the Complaint fails to state a Section 1983 claim against private party defendants Shared Imaging of Calif. and Doe Pharmaceutical. Watson alleges defendant Shared Imaging of Calif. is a "contract vendor for CMC-East medical" to provide MRI services. Dkt. 1 at 4. Watson alleges defendant Doe Pharmaceutical provided the contrast dye for the MRI. Id.

Even assuming a contract relationship with Shared Imaging of Calif. and Doe Pharmaceutical sufficient for Section 1983 liability, Watson does not allege an "official policy, custom, or pattern" of either defendant that caused an alleged constitutional violation. See Tsao, 698 F.3d at 1143. First, Watson sets forth no allegations from which to infer the actions of either private party defendant was subject to an "official policy, custom, or pattern," rather than an isolated incident. Second, to the extent Watson seeks to allege an Eighth Amendment deliberate indifference to serious medical need claim, Watson fails to identify how defendant Shared Imaging of Calif.'s alleged failure to "inform/provide instructions concerning post procedure aftercare" or defendant Doe Pharmaceutical's alleged provision of contrast dye for the MRI and failure to warn patients of a risk of gadolinium toxicity "result[ed] in significant injury

9

or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081. While Plaintiff became nauseated and vomited immediately following the procedure, he fails to show how this constitutes a "significant injury." Moreover, it is unclear how a warning, or explanation of post-procedure aftercare, would have prevented what appears to be an immediate effect of the injection dye. Moreover, even assuming a serious medical need, Watson fails to demonstrate a subjectively culpable state of mind by either private party defendant. Wilson, 501 U.S. at 297.

Accordingly, Watson's Eighth Amendment deliberate indifference claim against defendants Shared Imaging of Calif. and Doe Pharmaceutical is subject to dismissal.

## IV.

## **LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in a First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

A First Amended Complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is**

directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Dated: October 03, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge