UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. WATSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. LAURA SPRAGUE, ET AL.,<br><br>    Defendant(s). | Case No. CV 19-6737-AB (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Anthony M. Watson ("Watson" or "Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the FAC with leave to amend.

## II.
## **PROCEDURAL HISTORY**

On July 31, 2019, Watson, who is currently an inmate at California Men's Colony – East located in San Luis Obispo, California ("CMC-East"), constructively

filed[1] a Complaint against defendants Dr. Laura Sprague, Teresa Macias, and S. Gates in their individual capacity, and Shared Imaging of Calif. and Doe Pharmaceutical[2] (collectively, "Defendants"). ECF Docket No. ("Dkt.") 1. Watson appeared to allege an Eighth Amendment deliberate indifference to serious medical need claim against all Defendants and a Fourteenth Amendment due process claim against defendants Sprague, Macias, and Gates. Id.

On October 3, 2019, the Court dismissed the Complaint with leave to amend because it failed to state a claim against any Defendant. Dkt. 15.

On October 29, 2019, Watson constructively filed[3] the instant FAC. Dkt. 18, FAC. Watson sues the same five Defendants. FAC at 3-4. Watson again alleges an Eighth Amendment deliberate indifference to serious medical need claim against all Defendants, FAC at 8, and a Fourteenth Amendment due process claim against defendants Sprague, Macias, and Gates, FAC at 5, 11.

///
///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Watson is unaware of the true name of the unnamed Doe entity defendant, he will be given the opportunity to discover the name of the Doe defendant after he files a complaint curing the deficiencies identified below. Watson is cautioned that if he is unable to timely identify the Doe defendant, the claim against the Doe defendant will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

[3] The FAC is not dated, but was received and scanned by CMC-East on October 29, 2019. FAC at 1.

## III.

## **ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

The FAC clarifies the factual basis for Watson's Eighth Amendment deliberate indifference and Fourteenth Amendment due process claims. As detailed below, Watson appears to allege that his rights were violated when his request for a gadolinium test (or information regarding such test) was not fulfilled, and when his health care appeals regarding the requests were not adequately responsive.

Specifically, the FAC alleges that on December 2, 2013, while at CMC-East, Watson received an MRI scan performed by defendant Shared Imaging of Calif., a contract vendor for CMC-East, involving the use of a contrast dye "which exposed [Watson] to gadolinium[,] a toxicity." Id. at 3, 27.

On September 20, 2018, nearly five years after the MRI scan, Watson was treated for complaints of pain by a physician who directed Watson to submit a request to defendant Sprague for gadolinium testing. Id. at 6, 10.

On December 3, 2018, Watson submitted CDCR Form 22 (10/09), Inmate/Parolee Request for Interview, Item or Service addressed to defendant Sprague, requesting a heavy metal urinary test for the purpose of testing for the presence of gadolinium in his tissue. Id. at 11. Watson offered to pay for the test. Id. at 5. Watson claims defendant Sprague failed to respond to the CDCR 22 form and failed to "consult" Watson on post-procedure aftercare. Id. at 5-6.

On January 4, 2019, Watson submitted a health care grievance CMC HC 19000014. Id. at 5, 20-25. In the grievance, Watson requested (1) the name of the contract vendor that performed his MRI scan; (2) an explanation of "post-procedure aftercare, in conjunction with gadolinium contrast dye"; (3) an identification of the "urinary test accessible to the public" that was not provided to Watson; and (4) information as to how Watson might independently purchase the urinary test kit and have it administered by his primary care physician, Dr. Cruz. Id. at 11.

3

|   |   |
|---|---|
| 1 | On February 19, 2019, an Institutional Level Response from California |
| 2 | Correctional Health Care Services was issued and signed by defendant Macias. Id. at |
| 3 | 17-19. The response declined intervention and stated "[a]s indicated in your medical |
| 4 | record your symptoms are not consistent with gadolinium toxicity." Id. The |
| 5 | response noted Watson's allegations of negligent care were "refuted by professional |
| 6 | health care staff familiar with your health care history, as well as a review of your |
| 7 | health record. Though you may not have received the treatment(s) of your choice, |
| 8 | there is no indication you were not provided medically or clinically necessary health |
| 9 | care services." Id. Watson alleges the response was insufficient and ignored his |
| 10 | request to purchase the kit, thus denying him due process. See id. at 17. |
| 11 | On March 2, 2019, Watson appealed the Institutional Level Response. See id. |
| 12 | at 21. |
| 13 | On May 31, 2019, a Headquarters Level Response from California Correctional |
| 14 | Health Care Services was issued and signed by defendant Gates. Id. at 11, 13-14. The |
| 15 | response stated "the Institutional Level Response appropriately addressed your |
| 16 | grievance issue and is sustained at the headquarters' level." Id. at 13-14. The |
| 17 | response also stated Watson's request regarding the lack of answer to his Form 22, |
| 18 | "MRI vendor names, urinary test kits available to the public, and the process to |
| 19 | purchase them, are not health care services issues over which [CDCD] has |
| 20 | jurisdiction." Id. at 14. Watson alleges this response constituted a denial of due |
| 21 | process and "the California Correctional Health Care Services is charged with |
| 22 | providing health care services to inmates." Id. at 12. |
| 23 | Watson further alleges defendant Shared Imaging of Calif. failed to |
| 24 | "consult/advise" regarding post-procedure aftercare and toxicity, and defendant Doe |
| 25 | Pharmaceutical failed to warn recipients of the dye of the risk of gadolinium toxicity. |
| 26 | Id. at 3. |
| 27 | Watson seeks compensatory and punitive damages. Id. at 9. |
| 28 | |

# IV.

# **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**V.**

**DISCUSSION**

**A. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS SPRAGUE, MACIAS, AND GATES**

**1. Applicable Law**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations

6

omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To assert a deliberate indifference claim, a prisoner plaintiff must allege the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Id. at 1082 (citation and internal quotation marks omitted). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996).

**2. Analysis**

Here, the FAC fails to state an Eighth Amendment deliberate indifference claim against defendants Sprague, Macias, and Gates in their individual capacity.

Watson alleges defendant Sprague failed to respond to the CDCR 22 form, failed to inform him of post-procedure treatment, and denied Watson an opportunity

7

to receive or purchase the test. Watson also alleges a deliberate indifference claim against defendants Macias and Gates for their failure to adequately intervene and address Watson's requests for information and/or the testing procedure. FAC at 4.

First, these allegations fail to demonstrate Watson was deprived of an "objectively serious medical need." Wilson, 501 U.S. at 297. Watson has not demonstrated how the denial of his requests for information on post-procedure treatment, the urinary screening test, and other information has resulted in significant injury or pain. Peralta, 744 F.3d at 1081. In fact, Watson seems to speculate that defendants Sprague, Macias, and Gates failed to provide a test that might reveal an injury, not that defendants Sprague, Macias, or Gates are responsible for any injury or pain itself.

Moreover, even assuming a serious medical need, Watson fails to allege any defendant intentionally acted with a culpable state of mind. There are no allegations indicating any defendant knew of facts that would indicate a substantial risk of harm would occur in declining to respond to Watson's requests and grievances. Farmer, 511 U.S. at 837. Notably, nearly five years had elapsed between the MRI where Watson alleges he was exposed to gadolinium, and his request for a heavy metal urinary test. Watson has not alleged any facts demonstrating that defendants Sprague, Macias, or Gates were personally aware of any serious health issues or complaints during this time. The Court further notes Watson received a response that "[a]s indicated in [Watson's] medical record [Watson's] symptoms are not consistent with gadolinium toxicity." FAC at 17-19. Hence, at most, Watson asserts a difference in medical judgment in the Defendants' decision not to provide the screening test, which is insufficient to establish deliberate indifference. See Jackson, 90 F.3d at 331.

Accordingly, Watson's Eighth Amendment deliberate indifference claim against defendants Sprague, Macias, and Gates is subject to dismissal.

**B.    PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST DEFENDANTS SPRAGUE, MACIAS, AND GATES**

**1.    Applicable Law**

The Due Process Clause protects prisoners from being deprived of property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).  However, a plaintiff has no constitutional entitlement to have his prison grievances or appeals handled or decided in a particular manner.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Specifically, a plaintiff has no actionable claim for failure to investigate a grievance.  See Randle v. Melendrez, No. CV 16-2342 MWF (AJW), 2017 WL 1197864, at *4 (C.D. Cal. Feb. 17, 2017) report and recommendation adopted, 2017 WL 1199719 (C.D. Cal. Mar. 30, 2017); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**2.    Analysis**

Here, the FAC fails to state a Fourteenth Amendment due process claim against defendants Sprague, Macias, and Gates.  Watson asserts defendant Sprague failed to timely respond to the CDCR 22 form pursuant to regulations.  FAC at 5.  Watson also asserts the Institutional Level Response and Headquarters Level Response, signed by defendants Macias and Gates respectively, were deficient because they did not respond to the portion of Watson's grievance requesting to explain how to purchase the test kit, identify the contract vendor who performed the MRI, and identify any post-procedure aftercare.  Id. at 5, 7, 9.  However, Watson is not entitled to have his prison grievance or appeal handled or decided in a particular manner.  Ramirez, 334 F.3d at 860.  Additionally, while Watson appears to allege violations of certain CDCR regulations, "the failure to comply with a prison policy, without more, is not sufficient to state a constitutional violation claim."  Hammler v. Alvarez, No.

9

18-CV-326-AJB (WVG), 2019 WL 422575, at *7 (S.D. Cal. Feb. 4, 2019), report and recommendation adopted, No. 3:18-CV-0326-AJB-WVG, 2019 WL 3315567 (S.D. Cal. July 24, 2019) (citing Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990) (violation of state law does not give rise to a constitutional violation)).

Accordingly, Watson's Fourteenth Amendment due process claim against defendants Sprague, Macias, and Gates is subject to dismissal.

### C. PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST SHARED IMAGING OF CALIF. AND DOE PHARMACEUTICAL

#### 1. Applicable Law

To state a civil rights claim under Section 1983, a plaintiff must allege that a particular defendant, *acting under color of state law*, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; see West, 487 U.S. at 48. Thus, private parties generally cannot be held liable under Section 1983. See Monroe v. Pape, 365 U.S. 167, 172, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

For a private party to be sued under Section 1983, the party must be a "willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28, 32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)).

However, even when a private entity acts "under color of state law," it cannot be held liable under Section 1983 unless an "official policy, custom, or pattern" of the

entity was "the actionable cause of the claimed injury." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (applying Monell v. Dep't of Soc. Servs. to suits against private entities under Section 1983).

**2. Analysis**

Here, the FAC fails to state a Section 1983 claim against private party defendants Shared Imaging of Calif. and Doe Pharmaceutical for "deliberate indifference." FAC at 8. Watson alleges defendant Shared Imaging of Calif. is a contract vendor for CMC-East medical to provide MRI services, and should have informed him of post-procedure aftercare, and defendant Doe Pharmaceutical provided the contrast dye for the MRI and "should be liable for the harm." Id. at 3, 7.

Even assuming a contract relationship with Shared Imaging of Calif. and Doe Pharmaceutical sufficient for Section 1983 liability, Watson does not allege an "official policy, custom, or pattern" of either defendant that caused an alleged constitutional violation. See Tsao, 698 F.3d at 1143. First, Watson sets forth no allegations from which to infer the actions of either private party defendant was subject to an "official policy, custom, or pattern," rather than an isolated incident. Second, Watson fails to identify how defendant Shared Imaging of Calif.'s alleged failure to provide instructions concerning post-procedure aftercare or defendant Doe Pharmaceutical's alleged provision of contrast dye for the MRI and failure to warn patients of a risk of gadolinium toxicity "result[ed] in significant injury or the unnecessary and wanton infliction of pain" rising to the level of a serious medical need. Peralta, 744 F.3d at 1081. Moreover, even if Watson demonstrated a serious medical need, Watson sets forth no allegations from which to conclude either private party defendant was aware of an excessive risk to health of patients in performing the MRI or using the dye. Wilson, 501 U.S. at 297.

Accordingly, Watson's Eighth Amendment deliberate indifference claim against defendants Shared Imaging of Calif. and Doe Pharmaceutical is subject to dismissal.

## VI.

## **LEAVE TO FILE SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in a Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the

12

FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC or any other pleading, attachment, or document.

A Second Amended Complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///
///
///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: November 19, 2019

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge